ROBERT L. BLAND, Judge.
Claimant, Homer Baisden, on November 23, 1942, was an inmate of the West Virginia penitentiary, and was working on the construction of a stone building for a state prison labor camp at or near Buckhannon, West Virginia; said building being intended for a garage, supply house and office for said state prison labor camp. The petition filed in the court of claims on April 20, 1944, alleges that on the date aforesaid, in his work and on said building, he was required to and was lifting a large stone approximately 41" x 8 l/z" in diameter, and that in lifting said stone and using a defective scaffold said scaffold broke and said stone was caused to fall onto the body of the claimant, thereby breaking, mashing and crushing his body, right hip and pelvis; that said scaffold was furnished by the state prison labor camp supervisors, under whom he was working, that his injuries were caused as the direct and *353 proximate result of the carelessness of his overseers, the state prison labor camp officials in whose charge he was kept.
The petition further avers that as a result of claimant’s injuries he was hospitalized at the St. Joseph’s hospital, Buck-hannon, West Virginia, and was forced to remain in said hospital as a result of said injuries for a period of fifty-three days, and that while in said hospital he was under the care of Dr. Forman of said institution; that as a result of his said injuries he was forced to undergo and endure great pain and suffering, and that he was and is permanently injured, and his earning capacity lessened.
Claimant avers that he was parolled from the West Virginia penitentiary on July 1, 1943, and that as a result of his said injuries he is greatly and materially handicapped in performing labor and earning a living; that he is a young man thirty-five years of age, married, and has a family, and that, as aforesaid, his injuries are the direct and proximate result of the carelessness and negligence of the state of West Virginia, its agents and employees, and that as a result thereof he is entitled to have paid to him by the state of West Virginia a reasonable sum as compensation for his injuries.
Claimant therefore seeks an award of $5,000.00.
It is provided by paragraph 2 of section 14 of the court act that the jurisdiction of the court of claims shall not extend to an injury to or death of an inmate of a state penal institution. Since it firmly appears that at the time of the accident claimant was an inmate of the West Virginia penitentiary, we are without power or authority to consider or act upon his claim. For such reason the court determined that it was without jurisdiction to do so.